# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District   Southern District of New York |
|---|---|
| Name (under which you were convicted):<br>Roderick Gunn | Docket or Case No.:<br>03-CR-1277 (WHP) |
| Place of Confinement:<br>Atwater USP | Prisoner No.:<br>55254-054 |
| UNITED STATES OF AMERICA<br><br>v. | Movant (include name under which you were convicted)<br>Roderick Gunn |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   United States District Court for the Southern District of New York

   (b) Criminal docket or case number (if you know):  03CR1277 / 06CR911

2. (a) Date of the judgment of conviction (if you know):  8/20/2010

   (b) Date of sentencing:  3/17/2010

3. Length of sentence:  141 months on 03CR1277 / Life on 06CR911

4. Nature of crime (all counts):

   Count 1: Hobbs Act Conspiracy 18 USC 1951
   Count 2: Hobbs Act Robbery 18 USC 1951
   Count 3: Aiding and abetting the brandishing of a firearm in connection with a crime of violence 18 USC 924(c)
   Count 4: Marijuana Distribution Conspiracy
   Counts 5 and 6: Illegal Firearms Possession

5. (a) What was your plea? (Check one)

   (1)   Not guilty ❑          (2)   Guilty ❑ ✔          (3)   Nolo contendere (no contest) ❑

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)          Jury ❑          Judge only ❑

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ☑

8. Did you appeal from the judgment of conviction?     Yes ☑     No ☐

9. If you did appeal, answer the following:

    (a) Name of court:   United States Court of Appeals for the Second Circuit

    (b) Docket or case number (if you know):   10-1170-CR

    (c) Result:   The judgment of the district court was affirmed.

    (d) Date of result (if you know):   4/15/2011

    (e) Citation to the case (if you know):   419 F. App'x 106

    (f) Grounds raised:

    1) insufficient evidence to support Hobbs Act conviction; 2) insufficient evidence to support marijuana distribution conspiracy conviction; 3) district court erred in denying Mr. Gunn the right to withdraw his guilty plea; 4) sentence was unreasonable

    (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☑   No ☐

      If "Yes," answer the following:

      (1) Docket or case number (if you know):   No. 11-5366

      (2) Result:

      Cert petition denied

      (3) Date of result (if you know):   10/3/2011

      (4) Citation to the case (if you know):   132 S. Ct. 302

      (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☑   No ☐

11. If your answer to Question 10 was "Yes," give the following information:

    (a)  (1) Name of court:   United States District Court for the Southern District of New York

        (2) Docket or case number (if you know):   12-CV-6632

        (3) Date of filing (if you know):   8/28/2012

(4) Nature of the proceeding:   Writ of Habeas Corpus

(5) Grounds raised:

> 1) Court lacked jurisdiction over Mr. Gunn; 2) Count Three of the information was duplicitous; 3) guilty plea was insufficient as to Counts Three, Five, and Six; 4) Conviction on Count Three should be vacated based on Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013); 5) Ineffective assistance of counsel; 6) Government lacked Article III standing (FRCP 60(b)(4) motion)

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ✔

(7) Result:   Denied

(8) Date of result (if you know):  4/28/2014

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:   Yes ❑   No ✔

(2) Second petition:   Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**GROUND ONE:**

§ 924(c) conviction and sentence violates the Constitution.

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

The Court should vacate Mr. Gunn's conviction on the § 924(c) count and enter a judgment of acquittal on that count because, under Johnson v. United States, 135 S. Ct. 2551 (2015), his Hobbs Act convictions no longer qualify as "crimes of violence," an essential element of the charged § 924(c) crime.

Hobbs Act robbery and conspiracy do not qualify under the so-called "residual clause" of § 924(c)(3) (B).  That clause defines a "crime of violence" as a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  This clause is materially indistinguishable from ACCA's residual clause, which was invalidated by the Supreme Court in Johnson and then held retroactively applicable in Welch v. United States, 136 S. Ct. 1257 (2016).  Moreover, Hobbs Act robbery and conspiracy are not "crimes of violence" under the "force clause" of 924(c)(3)(A), because they do not necessarily require, as an element, either (1) the presence of violent physical force or (2) the intentional employment of such force.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑    No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

The legal basis of the claim was not available because Johnson had not yet been decided.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑    No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

       Yes ❏   No ❏

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

       Yes ❏   No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

       Yes ❏   No ❏

    (4) Did you appeal from the denial of your motion, petition, or application?

       Yes ❏   No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

       Yes ❏   No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

      Yes ❏   No ❏

    (4) Did you appeal from the denial of your motion, petition, or application?

      Yes ❏   No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

      Yes ❏   No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes ❑  No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

    Yes ❑  No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑  No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑  No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑  No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13.  Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Ground 1 has not previously been presented in any federal court. Mr. Gunn did not previously presented Ground 1 in any federal court because the legal basis of Ground 1 was not available to him until the Supreme Court decided Johnson.

14.  Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?        Yes ☑   No ☐
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

2255 petition, related to 09-cr-911 (WHP).  Issues enumerated by separate letter

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing:

    (b) At arraignment and plea:

    Susan L. Gans, 401 Broadway, NY, NY 10013; Richard Palma, 11 Park Place, NY, NY 10007
    (c) At trial:

    (d) At sentencing:

    Richard Palma, 11 Park Place, NY, NY 10007

(e) On appeal:

Richard Palma, 11 Park Place, NY, NY 10007

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?        Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ☑ No ☐

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:  Southern District of New York, 06-cr-911 (WHP)

(b) Give the date the other sentence was imposed:  9/14/2010

(c) Give the length of the other sentence:   Life

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☑   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you
must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not
bar your motion.*

> Motion is timely under 28 USC 2255(f)(3) because it is filed within one year of June 26, 2015, the
> date on which the right asserted was initially recognized by the Supreme Court in Johnson, and
> the right has been newly recognized by the Supreme Court and made retroactively applicable to
> cases on collateral review.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2255, paragraph 6, provides in part that:

> A one-year period of limitation shall apply to a motion under this section.  The limitation period
> shall run from the latest of —
> > (1) the date on which the judgment of conviction became final;
> > (2) the date on which the impediment to making a motion created by governmental action in
> > violation of the Constitution or laws of the United States is removed, if the movant was
> > prevented from making such a motion by such governmental action;
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if
> > that right has been newly recognized by the Supreme Court and made retroactively
> > applicable to cases on collateral review; or
> > (4) the date on which the facts supporting the claim or claims presented could have been
> > discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Vacate the 18 USC 924(c) count and the 84-month sentence imposed on it.

or any other relief to which movant may be entitled.

/S/ Samuel Jacobson
_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on (month, date, year).

Executed (signed) on _____ 6/20/2016 _____ (date).

/S/ Samuel Jacobson
_____
Signature of Movant
        Counsel for

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.