UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                       :

UNITED STATES OF AMERICA,         :   **ORDER DENYING MOTION**
                                                       :   **FOR HABEAS RELIEF**
         -against-                                 :
                                                       :   03 Cr. 1277 (AKH)
RODERICK GUNN,                          :   12 Civ. 6632 (AKH)
                                                       :   16 Civ. 4887 (AKH)
                           Defendant.      :
                                                       :
------------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

        Petitioner Roderick Gunn moves to vacate his sentence on three counts of a six count information to which he plead guilty in 2003. After the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015) and *United States v. Davis*, 139 S. Ct. 2319 (2019), the Second Circuit determined that Gunn had made the prima facie showing necessary to file a successive § 2255 petition, and directed this court to consider whether Gunn's various claims for relief in fact satisfied the gatekeeping requirements of §§ 2244 and 2255. Upon reviewing the record and the parties' briefs, I find that Gunn's petition cannot meet the requirements of §§ 2244 and 2255 and deny his motion.

## BACKGROUND

        On December 19, 2003, Gunn plead guilty to all counts in a six-count Information. Specifically, following a cooperation agreement, Gunn plead guilty to (1) conspiracy to commit Hobbs Act robbery; (2) a Hobbs Act robbery committed in December 2001; (3) brandishing a firearm in the commission of Counts 1 and 2; (4) conspiracy to distribute narcotics; (5) unlawfully possessing a firearm because of prior felony convictions; and (6) a second charge of unlawfully possessing a firearm. Before sentencing, the Government learned Gunn had withheld information in violation of his cooperation agreement and informed Gunn

that it would not seek a downward departure pursuant to Section 5K1.1 of the Sentencing Guidelines. Gunn moved to withdraw his plea but the motion was denied. On March 10, 2010, Judge William Pauley sentenced Gunn to 57 months' imprisonment on Counts One, Two, Four, Five, and Six, to run concurrently, and 84 months' imprisonment on Count Three, to run consecutively, for a total of 141 months' imprisonment. Gunn was also sentenced to five years of supervised release. On August 28, 2012, Gunn filed a § 2255 petition, which was denied on April 28, 2014.

Separately, in *United States v. Gunn*, 06 Cr. 911, Gunn was charged in six of eight counts in a superseding indictment. As relevant here, Count Seven charged aiding and abetting murder in the commission of an attempted Hobbs Act robbery and Count Eight charged conspiracy to distribute more than 1,000 kilograms of marijuana. After a jury found Gunn guilty, Judge Pauley sentenced him to life imprisonment on the murder count and 40 years' imprisonment on the narcotics distribution count. Gunn was also sentenced to a life term of supervised release. Gunn has now completed serving the 141 months' imprisonment imposed on him in 03 Cr. 1277. He is currently serving the life sentence and concurrent prison terms stemming from 06 Cr. 911.

After the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), Gunn filed a placeholder motion to vacate, set aside, or correct sentence on June 23, 2016. *See* 16 Civ. 4887, ECF No. 1. On the same day, Gunn filed a motion for authorization to file a second or successive petition in the Second Circuit. Both motions sought to invalidate Gunn's conviction on Count Three of 03 Cr. 1277 for brandishing a firearm in the commission of Hobbs Act robbery. On September 6, 2019, via counsel, Gunn withdrew his petition and Judge

2

Pauley closed the case.[1] However, on November 20, 2019, Gunn filed a motion for authorization to file a second or successive petition in the Second Circuit, specifically seeking to assert a claim under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), arguing that his convictions on Counts Five and Six in 03 Cr. 1277 were unlawful. Then, on August 5, 2020, Gunn sought to reopen his petition in 03 Cr. 1277 in light of *United States v. Davis*, 139 S. Ct. 2319 (2019) and asserted that he had not authorized counsel to withdraw his original *Johnson* claim. 03 Cr. 1277, ECF No. 15.

Soon after, the Second Circuit granted Gunn's first and second motions for authorization. *See* 03 Cr. 1277, ECF Nos. 89, 90. Construing Gunn's motions liberally as based on both *Johnson* and *Davis*, the Court held that Gunn had made a prima facie showing that his proposed § 2255 motion satisfied the requirements of § 2255(h). However, the Court also noted that the district court would have "the preliminary task of determining whether the claims in Petitioner's § 2255 motion satisfy the threshold requirements governing successive § 2255 motions, including those set forth in 28 U.S.C. §§ 2244(a), 2244(b)(3)–(4), and 2255(h)." Mandate, 03 Cr. 1277, ECF No. 90 at 2. Judge Pauley then ordered the parties to brief whether Gunn's motion satisfies the threshold requirements for successive § 2255 motions. Subsequently, this case was reassigned to me.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires that a second or successive habeas petition be dismissed unless it "relies on a new rule of constitutional

---

[1] Gunn's petition in 16 Civ. 4887 also appears to challenge his Count Seven conviction and life sentence in 06 Cr. 911, but does not challenge his Count Eight conviction and 40-year sentence. On March 17, 2017, Judge Pauley issued an Opinion & Order denying Gunn's petition for habeas relief in 06 Cr. 911 on all grounds except the *Johnson* grounds. *See* 06 Cr. 911, ECF No. 280. Judge Pauley reserved judgment on the *Johnson* claims, but the September 6, 2019 withdrawal terminated the proceedings.

3

law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[2] 28 U.S.C. § 2244(b)(2)(A); *see also* 28 U.S.C. 2255(h). Even after the Second Circuit certifies that an application makes the relevant prima facie showing, district courts must exercise a gatekeeping function to ensure an application complies with requirements of §§ 2244 and 2255. *See Massey v. United States*, 895 F.3d 248, 251 (2d Cir. 2018) (citing *Tyler v. Cain*, 553 U.S. 656, 600–61 & n.3 (2001)).

### A. The "In Custody" Requirement

"In order to invoke habeas corpus review by a federal court, the petitioner must satisfy the jurisdictional 'in custody' requirement of 28 U.S.C. § 2255." *Scanio v. U.S.*, 37 F.3d 858, 860 (2d Cir. 1994) (citing *United States v. Brilliant*, 274 F.2d 618, 620 (2d Cir. 1960)). A petitioner may be "in custody" even if not subject to imprisonment and only on supervised release. *Valdez v. Hulihan*, 640 F.Supp.2d 514, 515 (S.D.N.Y. 2009) (citing *Scanio*, 37 F.3d at 860). Gunn has finished serving his terms of imprisonment for all counts imposed in 03 Cr. 1277, the subject of the instant motion. However, Gunn has yet to begin serving five years of supervised release imposed as part of his sentence in 03 Cr. 1277. Consequently, Gunn remains "in custody" in 03 Cr. 1277.

The Government urges me to exercise discretion under the concurrent sentences doctrine. The concurrent sentences doctrine provides that "Courts may decline to consider collateral challenges to a conviction's validity if the petitioner is concurrently serving an equal or longer sentence on another valid count of conviction." *Kassir v. United States*, 3 F.4th 556, 569 (2d Cir. 2021). Unless a petitioner makes "a showing of prejudice with respect to custody, [the district court] under § 2255 retains discretion to decline to consider such a challenge." *Id.* at 567.

---

[2] AEDPA also allows successive applications for claims based on previously undiscovered facts, 28 U.S.C. § 2244(b)(2)(B), but such circumstances are not present here.

4

Because Gunn is currently serving a life sentence and a concurrent 40 year sentence in 06 Cr. 911, Gunn's challenge to his conviction on Count Three does not offer him a reasonable prospect of a shorter time in custody. Gunn will remain in prison on both a life sentence and a 40-year sentence. Even if he were released from imprisonment or his life sentence were invalidated, Gunn would still be subject to a life term of supervised release in 06 Cr. 911. Additionally, Gunn's convictions on Counts One and Two of 03 Cr. 1277 support a sentence of five years of supervised release. *See* 18 U.S.C. 3583(b). Thus, even were I to reach the merits of Gunn's challenge to his conviction on Count Three, there is "no reasonable prospect of a shorter time in custody." *Id.* at 569.[3]

### B. The *Rehaif* Claim

Gunn challenges his Count Five and Six convictions in 03 Cr. 1277 for being a felon in possession of a firearm by relying on *Rehaif*. In opposition, the Government argues that a *Rehaif* argument is not cognizable in a successive § 2255 motion.

In *Rehaif*, the Supreme Court interpreted the "knowingly" provision of 18 U.S.C. § 924(a)(2) to apply to the "status" element of being a felon for purposes of 18 U.S.C § 922. In *Mata v. United States*, 969 F.3d 91 (2d Cir. 2020), the Second Circuit, consistent with holdings in other circuits, found that the Supreme Court in *Rehaif* "was simply construing a statute," so a *Rehaif* claim does not "satisf[y] the gatekeeping requirements of § 2255(h)(2)." 969 F.3d at 93. The Second Circuit's decision in *Mata* is directly on point and accordingly I must deny Gunn's *Rehaif* claim.

---

[3] Some courts make reference to the *Vargas* factors to assess whether to make use of the concurrent sentence doctrine. *See United States v. Vargas*, 615 F.2d 952, 959–60 (2d Cir. 1980). Those factors are "the unreviewed conviction's effect on the petitioner's eligibility for parole, the future application of recidivist statutes for a future offense by the petitioner, the petitioner's credibility in future trials, the possibility of pardon, and societal stigma of a conviction." *Kassir*, 3 F.4th at 568 (citing *Vargas*, 615 F.2d at 959–60). None of the factors weighs in Gunn's favor in light of his convictions in this case and in 06 Cr. 911.

5

### C. Motion for a Writ of Corum Nobis

In his reply, Petitioner alternatively requests that I construe his § 2255 motion as a petition for writ of error *coram nobis*. "A writ of error *coram nobis* is 'essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction.'" *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000). To obtain *coram nobis* relief, a petitioner must show "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Fleming v. United States*, 146 F.3d 88, 89–90 (2d Cir.1998).

Relief under the writ is "strictly limited" and available only when "errors of the most fundamental character have rendered the proceeding itself irregular and invalid." *Shen v. United States*, 2022 WL 229371, at *2 (E.D.N.Y. Jan 26, 2022) (quoting *Porcelli v. United States*, 404 F.3d 157, 158 (2d Cir. 2005)). Even assuming he could satisfy the first and second elements required for the writ, Gunn has not demonstrated that he continues to suffer any consequences that may be remedied by granting a writ of error *coram nobis*. Thus, his alterative request for relief is denied.

### D. Motion to Reopen & Motion to Supplement

On August 5, 2020 Gunn moved to reopen his previously withdrawn petition for habeas relief. However, that motion was effectively mooted when the Second Circuit granted Gunn's motion for authorization and ordered this Court to consider whether Gunn could satisfy the gatekeeping requirements of §§ 2244 and 2255. There is thus no need to resolve whether the original motion was properly withdrawn, and Gunn's motion to reopen is denied as moot.

Petitioner's motion to supplement (12 Civ. 6632, ECF No. 28) is also denied as moot, as this opinion has resolved the pending gatekeeping questions.

## CONCLUSION

In sum, Gunn's motion is denied. I decline to issue a certificate of appealability because Gunn has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). The Clerk of Court shall terminate the open motions: 03 Cr. 1277 ECF Nos. 82, 86; and 12 Civ. 6632, ECF No. 28. Additionally, the Clerk shall terminate 03 Cr. 1277, ECF No. 76, which was resolved by ECF No. 81. Finally, the Clerk shall mail a copy of this opinion to Petitioner.

SO ORDERED.

Dated:    June 8, 2022
            New York, New York

ALVIN K. HELLERSTEIN
United States District Judge