IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent, | ) | 06 Cr. 911 (AKH) |
| | ) | 16 CV. 4887 (AKH) |
| vs. | ) | |
| | ) | |
| RODERICK GUNN, | | |
| Defendant. | ) | |
| | ) | |

DEFENDANT'S SUPPLEMENTAL PLEADING IN SUPPORT OF SECTION

2255 MOTION IN LIGHT OF UNITED STATES V. JOHNSON,

UNITED STATES V. DAVIS, AND UNITED STATES V. TAYLOR

COMES NOW, Defendant Roderick Gunn ("Gunn"), and respectfully files this Supplemental Brief in response to the court's June 30, 2022 Order.

Relevant Facts of Pending Proceeding

1. In 2014, Gunn filed this instant habeas motion in Criminal Case SI 06 Cr. 911, pursuant to 28 U.S.C. § 2255. The motion was docketed as Case Number 14-cv-3228 (WHP). Gunn raised numerous claims, including ineffective assistance of counsel ("IAC"), due process violations, and legally and factually innocence of firearm offenses in Counts Six and Seven.

1.

2. In June 2015, while habeas motion (14-cv-3228) was pending, the U.S. Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). The rule in Johnson invalidated the Armed Career Criminal Act's ("ACCA") residual clause as void for vagueness.

3. Gunn filed a timely motion for leave to supplement or amend his pending § 2255 motion (14-cv-3228), in light of Johnson.

4. On June 23, 2016, STANDING ORDER IN RE PETITIONS UNDER 28 U.S.C. AND 2241 IN LIGHT OF JOHNSON V. UNITED STATES was entered on Gunn's docket (See 16-mc-217 Order Filed June 8, 2016) in light of Johnson v. United States, 135 S. Ct. 2551 (2015).

5. The Federal Defenders of New York and other counsel appointed for Johnson matters under the CJA, were permitted to file initial petitions under 28 U.S.C. § 2255 on or before June 27, 2016, utilizing the Court's form petition as "placeholder" petitions.

6. The Order also stated that "Petitions are to be supplemented on a future date by a brief that more fully sets forth the basis of the requested relief." (Entered 06/29/2016).

7. Counsel, Samuel Jacobson from the Office of the

Federal Defenders of New York notified Gunn that he was assigned to Gunn's case (14-cv-3228).

8. Jacobson filed a place-holder in 14-cv-3228 (WHP), and an application in the Court of Appeals for the Second Circuit, seeking authorization to file a second § 2255 motion in 12-cv-06632 (WHP)(a separate case with criminal number 03 Cr. 1277).

9. On March 7, 2017, Judge Pauley denied Gunn's IAC claims in 14-cv-3228 (WHP), but reserved judgment on Gunn's arguments pursuant to Johnson v. United States. This was reserved in Case No. 16-CV-4887, pending further briefing from the Federal Defenders of New York. The Clerk was directed to terminate Case No. 14-CV-3228 and mark that case as closed.

10. On November 3, 2017, Judge Pauley denied Gunn's Motion for Certificate of Appealability. See ECF No. 31

11. In 2019, the U.S. Supreme Court pronounced its decision in United States v. Davis, 139 S. Ct. 2319, which held that Conspiracy to Commit Hobbs Act robbery is not categorically a "crime of violence."

12. On July 18, 2019, Judge Pauley entered an Order that, "the parties are directed to file a joint letter by July 26, 2019 explaining their positions regarding whether [this case] will proceed, continue to be stayed, or be voluntarily dismissed. If it is to proceed, the parties shall set forth a

proposed briefing schedule."

13. On July 31, 2019 a NOTICE OF APPEARANCE was filed by Mark Gombiner on behalf of Roderick Gunn. On that same day, a Letter request for Extension of Time to file a joint status report on August 9, 2019 was granted by Judge Pauley.

14. On September 6, 2019 Mark Gombiner (without consent of Gunn), filed a Letter to voluntarily withdraw petition. Judge Pauley granted Gombiner's request, and entered an Order to mark Case No. 03 Cr. 1277, and 12-CV-06632 closed.

15. After Judge Pauley granted Gombiner's unconsented Letter to Withdraw petition, Gunn filed a Motion under Rule 60(b), Fed. R. Civ. P., to reinstate his petition.

16. In response to a court Order regarding Gunn's Rule 60(b) pleading, the government filed a letter asking the court to delay any ruling on Gunn's Motion To Reinstate under Rule 60(b) because the Second Circuit hadn't yet authorized Gunn to file a second or successive § 2255 in 03 Cr. 1277, 12-CV-06632.

17. On October 1, 2020, the Second Circuit granted Gunn authorization in 1:12-CV-06632 to file a second/successive § 2255 in light of Johnson and Davis.

18. Gunn's second or successive motion and reply in 1:12-06632 were filed by February 17, 2021.

4

19. Due to the untimely death of Judge Pauley, both cases [03 Cr. 1277, 1:12-CV-06632] and [SI 06 Cr. 911, 16-CV-4887], were reassigned to this Court, Hon. Alvin K. Hellerstein on November 12, 2021.

20. On June 8, 2022, this court denied Gunn's second or successive § 2255 in 1:12-CV-06632-AKH.

21. On June 30, 2022, this court acknowledge that the § 2255 motion that seeks habeas relief from Defendant's convictions on Count Six (Using a Firearm in relation to a Crime of Violence under 18 U.S.C. § 924(c)) and Count Seven (Aiding and Abetting Murder under 18 U.S.C. § 924(j)), is still pending. The court entered an Order that "the Government shall reply to Defendant's motion, addressing whether Defendant has complied with applicable procedural requirements, as well as the effect of United States v. Davis, 139 S. Ct. 2319 (2019) and United States v. Taylor, 142 S. Ct. 2015 (2022) on Defendant's sentences." The court further ordered that "the Defendant may file a supplement to his motion, also by July 22, 2022."

In response to the Court's June 30, 2022 Order, Gunn filed this instant supplement to his reserved § 2255 claim in 16-CV-4887, in light of United States v. Davis, United States v. Taylor, and would show as follows:

ARGUMENT IN SUPPORT OF SUPPLEMENT

5

A. The Supreme Court's decisions in Johnson and
   Davis are applicable to Gunn's § 2255 motion

In United States v. Davis, 139 S. Ct. 2319 (2019), the U.S. Supreme Court held that § 924(c)(3)(B)'s residual clause is unconstitutionally vague. The Court employed the categorical approach to Conspiracy to Commit Hobbs Act robbery, and concluded that it is not a categorical crime of violence under § 924(c) Elements Clause.

In the instant case, the jury relied on Conspiracy to Commit Hobbs Act robbery, and Attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), to convict Gunn of Counts Six [§ 924(c)] and Seven [18 U.S.C. § 924(j) and 2]. Based on the decision in Davis, conspiracy to commit Hobbs Act robbery is not a categorical crime of violence to support the firearms convictions and sentences.

B. The Supreme Court's decisions in Taylor
   is applicable to Gunn's § 2255 motion

In United States v. Taylor, the defendant was convicted by means of a guilty plea for Conspiracy to Commit Hobbs Act robbery, Attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and Use of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). Taylor was sentenced to 30 years in federal prison. In 2015 Taylor unsuccessfully sought postconviction relief under 28 U.S.C. § 2255. See United States v. Taylor, 2015 WL 4095845,

6

at *1 (E.D. Va. July 7, 2015). Then in June 2015, the Supreme Court decided United States v. Johnson, 135 S. Ct. 2551 (2015), and struck down the similarly worded residual clause of the Armed Career Criminal Act (ACCA), as unconstitutionally vague.

The following year, in Welch v. United States, 578 U.S. 120 (2016), the Court held that Johnson applies retroactively on collateral review. Citing those two decisions, Taylor moves for permission to file a second-or-successive § 2255 petition. He argued that § 924(c)'s residual clause paralleled ACCA's residual clause and therefore was unconstitutionally vague. 979 F.3d at 206. He further argued that attempted Hobbs Act robbery was not a "crime of violence" under § 924(c)'s elements clause because it lacked "as an element the use, attempted use, or threatened use of physical force." § 924(c)(3)(A).

The Court of Appeals granted the motion to file a successive habeas petition and in 2020, vacated Taylor's § 924(c) conviction. The government appealed the Fourth Circuit's decision to the Supreme Court, and the writ of certiorari was granted. On June 20, 2022, the Supreme Court held that Attempted Hobbs Act robbery is not a categorical "crime of violence" under § 924(c)'s elements clause. Thus, Taylor's § 924(c) conviction was unconstitutional. United States v. Taylor, 142 S. Ct. 2015 (2022). The Supreme Court held in Taylor that, "an attempted Hobbs Act robbery does not satisfy the elements clause. No elements of attempted Hobbs Act robbery requires proof that the defendant used, attempted use, or threatened use of physical force against another

7

person or his property." Delivering the opinion of the Court, Justice Gorsuch noted, "[T]he government opposed Mr. Taylor's petition. In doing so, it did not seek to revisit Davis or oppose its retroactive application to Mr. Taylor's case." Id. See also, United States v. Capers, 20 F.4th 105, 111-112 (2d Cir. 2021)(applying Davis, and finding that federal RICO conspiracy resulting in death could not predicate a § 924(j) conviction).

Accordingly, the rule in Davis and Taylor counsels that Gunn's convictions and sentences under §§ 924(c) and 924(j) are unconstitutional and illegal, that warrants vacatur and dismissal pursuant to § 2255.

1. Gunn is actually innocent of the section 924(c) and 924(j) convictions

In light of the Davis/Taylor conclusion, Gunn cannot, as a legal matter, have committed the alleged crime in Count Six and Seven because conspiracy to commit Hobbs Act robbery, and attempted Hobbs Act robbery are not categorically crimes of violence. As made plain in Taylor, "Congress has not authorized the court to convict and sentenced Gunn to further imprisonment under § 924(c)(3)(A). A federal defendant has a due process right to be tried and convicted only for a crime that actually exists. "[C]onviction and punishment...for an act that the law does not make criminal...'inherently result in a complete miscarriage of justice' ..." Davis v. United States, 471 U.S. 333, 346 (1974). A conviction for a "nonexistent offense" thus reflects a "fundamental...defect"

8

in a criminal judgment and must be set aside. In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998). The bottom line of Gunn's case is thereby straightforward. The government cannot legally convict Gunn for §§ 924(c) and 924(j) that are predicated on Conspiracy to Commit Hobbs Act robbery and Attempted Hobbs Act robbery. As such, he is actually innocent of both Counts Six and Seven, and the convictions and sentences for such counts can no longer stand.

### C. Gunn has satisfied the procedural requirements to seek relief pursuant to 28 USC § 2255

In Welch v. United States, 578 U.S. 120 (2016), the Supreme Court held that Johnson applies retroactively on collateral review. Thereafter, in United States v. Davis, 139 S. Ct. 2319 (2019), the Supreme Court held that its decision in Johnson resolved the questions presented in Davis, and applied Davis retroactively to cases on collateral review. Further, in Taylor, the Supreme Court applies Davis retroactively to Taylor's § 2255, that argued Attempted Hobbs Act robbery is not a categorical crime of violence under § 924(c).

Gunn had filed a timely Johnson claim, which was reserved and placed on stay until the Supreme Court resolved the questions in Davis. Accordingly, Gunn has fully satisfied all procedural requirements that warrants relief in light of Johnson, Davis, and Taylor--that is, vacatur and dismissal of Counts Six and Seven convictions and sentences, and a resentencing hearing be scheduled.

D. Sentence implications

At Gunn's original sentencing proceeding, the counts of conviction were grouped under U.S.S.G. § 3D1.2, and the court imposed a sentence based on an interdependent sentencing package.

In United States v. Gordils, 117 F.3d 99 (2d Cir.), the Second Circuit held, "[i]t is appropriate for a court 'to resentence a defendant on an underlying, unchallenged drug trafficking conviction where, pursuant to Bailey v. United States, 516 U.S. 137 (1995), the defendant has successfully challenged a related firearm conviction in a 28 U.S.C. § 2255 petition.'" 117 F.3d at 100, 104. See also, United States v. Triestman, 178 F.3d at 630 (2d Cir.)(the district court had the authority...to dispose of the matter as law and justice require, and that this authority included the power to resentence Triestman to the overall term that he would have received on his interdependent sentencing package absent his unlawful § 924(c) conviction).

Apart from the sentencing package that is affected by the invalidation of Counts Six and Seven convictions and sentences, Gunn's sentence for Count Eight is also affected by Alleyne v. United States, 133 S. Ct. 2151, 2163 (2013), and Amendment 782--an argument that will be addressed further in a sentencing memorandum.

Accordingly, for all the foregoing reasons, Roderick Gunn, respectfully asks this Court to vacate and dismiss Counts Six and Seven, and to resentence him to immediate release. In the alternative, Gunn request that a resentencing hearing be scheduled.

Respectfully submitted,

DATED: July 13, 2022

Roderick Gunn

CERTIFICATE OF SERVICE

This certify that I have placed a true and correct copy of my Supplement in Support of Motion to Vacate, Set Aside or Correct Sentence, in the Mail Depository at U.S.P. Atwater, on July 13, 2022, postage fully paid by me via U.S. first class stamps and a copy served on the party below:

John J. O'Donnell
Assistant United States Attorney
United States Attorney's Office
One Saint Andrews Plaza
New York, N.Y. 10007



11

Roderick Gunn

Reg. No. 55254-054

USP Atwater

P.O. Box 019001

Atwater, CA 95301




Crim DKt
EN

RECEIVED
JUL 18 2022
CLERK'S OFFICE
S.D.N.Y.

Roderick Gunn
Reg.# 55254-054
United States Penitentiary
P.O. Box 019001
Atwater, CA 95301

The Clerk of the Court
United States Courthouse
Southern District of New York
500 Pearl Street
New York, N.Y. 10007